UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA     )
     )
     )
vs.     )     1:06-cr-118
     )     MATTICE/CARTER
     )
UNTWON D. ZACHARY     )

## REPORT AND RECOMMENDATION

### I. Introduction

Defendant Untwon D. Zachary's Motion to Suppress (Doc. 12) is before the undersigned Magistrate Judge having been referred by the District Court for a Report and Recommendation pursuant to 28 U.S.C.§ 636(b)(1)(B). The defendant moves to suppress evidence found on his person and in his vehicle following a traffic stop for speeding on the interstate. For the reasons stated herein, it is RECOMMENDED the defendant's motion to suppress be DENIED.

### II. Relevant Facts

An evidentiary hearing on the defendant's motion to suppress was held before the undersigned Magistrate Judge on Monday, December 18, 2006. Tennessee State Trooper Kevin Hoppe was the only witness to testify.

Trooper Hoppe has been with the Tennessee Highway Patrol for about ten years and he regularly patrols Bradley, McMinn, and Polk counties. On October 2, 2006, Trooper Hoppe and Tennessee State Trooper John Allen, both in separate patrol cars, were stationed alongside I-75 at the 45 mile marker observing traffic. Trooper Hoppe clocked the defendant's vehicle traveling 83 mph in a 70 mph zone with his radar gun. Hoppe pulled out, followed the defendant, activated

1

his blue lights, and pulled him over where they both stopped in the berm on the right hand side of the interstate. A dash camera inside the patrol car recorded the traffic stop. Hoppe proceeded to the passenger side of the defendant's car where the defendant was the lone occupant. Hoppe noticed that the defendant appeared exceptionally nervous and "in distress." He also observed more than one cell phone in the vehicle. Hoppe informed the defendant that he had stopped him for speeding and asked for his driver's license and registration. The defendant produced a driver's license and rental agreement. During this time, the defendant would not make eye contact with Hoppe and continued to look down at the console where a cup containing condoms rested. Hoppe's observation of the rental agreement showed that the car had been rented to one Courtney Collum. The rental agreement stated no other person was authorized to drive the vehicle. The defendant's name was not on the rental agreement anywhere. Hoppe returned to his patrol car, sat inside, and radioed the other state trooper, John Allen, to come provide backup for him. He testified that he did so because he felt this was not going to be an ordinary traffic stop given the defendant's extreme nervousness and the fact that his name was not on the rental agreement. Over the PA system Hoppe instructed the defendant to exit his vehicle and come to the passenger's side of the patrol car. The defendant exited the vehicle and walked stiffly with his arms held straight down to his sides to the passenger side of the patrol car. It appeared to Hoppe that the defendant was trying to hide something by the way he kept his arms to his sides, and Hoppe noticed he was carrying the cup with the condoms in one hand. Hoppe testified he asked the defendant to come to the car because he wanted to question him further about the rental agreement since the defendant's name was not on the agreement. When the defendant reached the passenger's side of the patrol car and turned to the side, Hoppe could see a very large bulge at

his waistline in his pants. At this point, Hoppe became concerned the defendant was carrying a weapon inside the waistband of his pants. Hoppe exited the vehicle and told the defendant he was going to pat him down. As he reached for the defendant's arm, the defendant attempted to move away. As the defendant moved away, his shirt became untucked, and, as Hoppe patted his waist, a bag of cocaine fell out of the waistband of his underwear onto the ground. Hoppe testified he had to tell the defendant they had two canines in the car to keep him from running. He appeared to Hoppe to be in a fight or flight mode. Hoppe instructed the defendant to lie down in the grass. He asked him if he had a firearm on him. The defendant responded no. He asked him if there was one in the car, and the defendant nodded. At this point, Trooper John Allen exited his vehicle and assisted Hoppe in handcuffing the defendant. Hoppe and Allen searched the defendant and found two more large bags of cocaine around his waist. Hoppe placed the defendant in the back of his patrol car and the officers then conducted a search of defendant's vehicle. They found a loaded Glock under the front passenger's seat.

### III. Discussion

Defendant does not contest the traffic stop of his vehicle, and it is clear from the evidence presented at the hearing that Trooper Hoppe had probable cause to stop the defendant's vehicle for a speeding violation. *Whren v. United States*, 517 U.S. 806, 810, 812-13 (1996) (A vehicle stop is reasonable when a law enforcement officer has probable cause to believe he has witnessed a traffic violation, even if the traffic offense is minor and the officer has additional subjective reasons for making the stop); *see also United States v. Herbin*, 343 F.3d 807, 809 (6th Cir. 2003); *United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994), *cert. denied*, 513 U.S. 900 (1994); *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993), *cert. denied*, 513 U.S. 828 (1994).

Rather, the defendant asserts that Trooper Hoppe violated his Fourth Amendment right to be free from unreasonable searches when Hoppe frisked him and that the bags of cocaine discovered during the frisk and subsequent body search must be suppressed as fruit of the poisonous tree. Further, defendant argues, probable cause to search his vehicle was supplied by the cocaine, and because troopers found the cocaine in an illegal search, the resulting search of the vehicle was also illegal, and evidence of the firearm must also be suppressed.

When a vehicle has been lawfully stopped based on a traffic violation, the law enforcement officer may order the occupants to exit the vehicle in order to effect the purpose of the stop. *See Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997) and *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977).

Once a proper vehicle stop occurs, the officer is then entitled to conduct a limited patdown or frisk of the suspect's person for weapons if he has an articulable and reasonable suspicion to believe the suspect is armed. *Michigan v. Long*, 463 U.S. 1032, 1051 (1983), *Mimms*, 434 U.S. at 111-12; *Adams v. Williams*, 407 U.S. 143, 146 (1972); *Terry*, 392 U.S. at 29; *United States v. Williams*, 962 F.2d 1218, 1223 (6th Cir.), *cert. denied*, 506 U.S. 892 (1992)(officer may search for weapons "if a reasonably prudent officer in the same circumstances would be justified in believing that his safety or that of others was threatened"). As long as the officer has such reasonable suspicion sufficient to allow a patdown of a suspect for weapons, other contraband such as drugs may be seized if they are discovered during the course of the frisk. *United States v. Walker*, 181 F.3d 774, 1778-779 (6th Cir. 1999), *cert. denied*, 528 U.S. 980 (1999) (upholding seizure of crack cocaine found when officer felt a bulge in defendant's pants during patdown search for weapons).

In this case, the defendant asserts that Trooper Hoppe had no reason other than the defendant's demonstrated nervousness to warrant a frisk of his person. The undersigned finds there were other reasons in addition to defendant's extreme nervousness which made the frisk permissible. Trooper Hoppe made a lawful stop of the defendant's vehicle after clocking him for speeding. When he made contact with the defendant, the driver and sole occupant of the car, he noticed the defendant's extreme and unusual degree of nervousness. Trooper Hoppe then discovered that the defendant was not the renter nor an authorized driver of the rental vehicle. When Trooper Hoppe asked the defendant to get out of the vehicle pending completion of the stop, he noticed that the defendant attempted to conceal something by awkwardly positioning his arms while he walked to cover his sides. Finally, the most important observation Hoppe made occurred when the defendant stood immediately adjacent to the passenger's side door of Hoppe's patrol car. Hoppe observed a large bulge in the waistband of the defendant's pants and immediately became concerned that the defendant was carrying a firearm in his waistband. At this point, not only did Hoppe have a subjective belief that the bulge in defendant's waistband constituted a serious threat to him, he also had a reasonable suspicion based on articulable facts that the bulge might be a weapon which could threaten his safety. Thus, the undersigned concludes the patdown to determine if the large bulge in the waistband was in fact a firearm was justified under the Fourth Amendment. During the frisk, when the defendant attempted to pull away, the large bag of cocaine actually fell out of the defendant's pants. Once that occurred, Hoppe had probable cause to continue the search of the defendant's person and a valid basis to search the car. *New York v. Belton,* 453 U.S. 454 (1981) (police may search passenger area of

vehicle following the lawful arrest of one of the vehicle's occupants.)

## IV. Conclusion

For the reasons stated herein, the undersigned Magistrate Judge concludes the troopers' frisk and search of the defendant and the search of the vehicle defendant had been driving met constitutional muster, and it is RECOMMENDED that the defendant's motion to suppress (Doc. 12) be DENIED.[1]

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).