UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:06-cr-118 |
| v. | ) | *Judge Mattice* |
| | ) | |
| UNTWON D. ZACHARY | ) | |

## **MEMORANDUM**

Before the Court is Defendant Untwon D. Zachary's Objections [Court Doc. No. 18] to the Report and Recommendation ("R&R") filed by United States Magistrate Judge William B. Mitchell Carter [Court Doc. No. 17] with respect to Defendant's outstanding motion to suppress. On November 14, 2006, Defendant filed his Motion to Suppress Search of Defendant [Court Doc. No. 12], which the Court referred to Magistrate Judge Carter for the purpose of conducting an evidentiary hearing and issuing a report and recommendation pursuant to 28 U.S.C. § 636 [Court Doc. No. 13]. On January 5, 2007, Magistrate Judge Carter issued his report and recommendation and recommended that Defendant's Motion to Suppress Search of Defendant be denied.

Defendant timely filed his objection to the R&R, arguing that the recommended ruling inappropriately took into consideration that the "Defendant appeared exceptionally nervous and 'in distress.' "

For the following reasons, the Court will **OVERRULE** Defendant's Objections, will **ACCEPT** and **ADOPT** the Magistrate Judge's R&R, and will **DENY** Defendant's Motion to Suppress Search of Defendant.

## I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## II. FACTS

On December 18, 2006, an evidentiary hearing was held before Magistrate Judge Carter on Defendant's Motion to Suppress Search of Defendant. Tennessee State Trooper Kevin Hoppe was the only witness to testify. In his R&R, Magistrate Judge Carter recounted at some length the facts developed at the evidentiary hearing (Court Doc. No. 17, Report & Recommendation 1-3). Defendant objects to the Magistrate Judge's finding that Defendant appeared exceptionally nervous and "in distress," and argues that this finding inappropriately formed the basis for the Magistrate Judge's ultimate conclusion that Trooper Hoppe had probable cause or reasonable suspicion to search Defendant's person and automobile and, thus, that such searches were lawful under the Fourth Amendment. Defendant has not requested that the Court hold another evidentiary hearing on his instant motion and, based on a careful review of the R&R, the Court finds no reason to do so. Therefore, the Court will address itself only to the aspects of Magistrate Judge Carter's R&R to which Defendant Zachary objects.

## III. ANALYSIS

Defendant Zachary does not even attempt to challenge the initial traffic stop, which was clearly justified upon probable cause for speeding. Moreover, and while Defendant has been persistent in his argument that his "alleged" exceptional nervousness was the

sole basis justifying Trooper Hoppe's further investigative steps following the traffic stop, the facts and analysis set forth in Magistrate Judge Carter's R&R belie this contention. As is clearly stated in the R&R, facts such as Defendant's inability to produce documentation authorizing him to operate the vehicle in question, suspicious items contained in the passenger compartment such as multiple cell phones within Trooper Hoppe's plain view, and Defendant's suspicious conduct and gait upon exiting the vehicle provided Trooper Hoppe with what the Court views as more than reasonable suspicion to carry out the investigative steps which led to the discovery of the contraband which Defendant now seeks to suppress.

Even the case law upon which Defendant relies in his objection clearly provides that "nervousness has been considered in finding reasonable suspicion in conjunction with other factors." *United States v. Richardson*, 385 F.3d 625, 630 (6th Cir. 2003) (citing *United States v. Mesa*, 62 F.3d 159, 162 (6th Cir. 1995)).

## IV. CONCLUSION

Because Trooper Hoppe had probable cause to stop Defendant's vehicle and reasonable suspicion to carry out all subsequent investigative steps, the search and seizure of evidence which Defendant now seeks to suppress was valid within the meaning of the Fourth Amendment to the United States Constitution. Accordingly, and for the reasons set forth herein, the Court will **OVERRULE** Defendant's Objections [Court Doc. No. 18], will **ACCEPT** and **ADOPT** the Magistrate Judge's Report and Recommendation [Court Doc. No. 17] pursuant to 28 U.S.C. § 636(b)(1), and will **DENY** Defendant's Motion to Suppress Search of Defendant [Court Doc. No. 12].

A separate order will enter.

<i>s/ Harry S. Mattice, Jr.</i>
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE